IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DAVID TIMOTHY CRUM d/b/a**
**NATIONAL MINE SUPPLY,**

    **Plaintiff,**

v.                                      CIVIL ACTION NO.:  2:14-cv-24861

**CANOPIUS US INSURANCE INC.**
**f/k/a OMEGA US INSURANCE INC.,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter was moved by the defendant from the Circuit Court of Logan County on August 19, 2014.  It is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and referred to the undersigned for submission of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. Sec. 636(b)(1)(b).  Pending before the court is defendant's Motion for Entry of Default and Default Judgment or, in the Alternative, Motion for Summary Judgment on its Counterclaim for Declaratory Judgment (ECF No. 8).  For the reasons stated herein, it is respectfully **RECOMMENDED** that defendant's Motion (ECF No. 8) should be **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is an action seeking insurance proceeds for personal property arising from a breaking and entering and theft at 100 Peach Creek Rd in Logan, West Virginia, 25601, on June 25, 2012.  Plaintiff asserts that he had a commercial property insurance policy with Defendant for April 6, 2012, through April 6, 2013, that covered this loss.  In an effort to investigate this incident and adjust the claim, Defendant requested various documents from Plaintiff, including

police reports, financial records, occupancy records, purchase agreements, inventory documentation and proof of purchase. Defendant requested this information on at least three separate occasions and Plaintiff did not produce any of the requested documentation.

On November 1, 2012, counsel for Defendant took an examination under oath (hereinafter called "EUO") of the Plaintiff. During the EUO, Plaintiff described the property that he alleges was stolen from the insured property which was a warehouse complex that contained inventory for coal mining. On February 27, 2013, several months after the EUO, Defendant sent a letter to Plaintiff advising that due to his not providing the requested documentation, the claim file would be closed unless he responded. Plaintiff did not respond to the letter or provide the requested documentation. Instead, on June 26, 2014, Plaintiff filed a civil action against Herman Williams, Saw Williams and H and P Recycling, Logan WV, in the Circuit Court of Logan County, seeking insurance proceeds for personal property that was allegedly stolen.[1] On July 24, 2014, the Circuit Clerk issued a summons to the Defendant. On August 19, 2014, Defendant filed a Notice of Removal to the United States District Court for the Southern District of West Virginia (ECF No. 1). On the same date, Defendant filed Answer of Canopius US Insurance Inc. F/K/A Omega US Insurance Inc. and Counterclaim for Declaratory Relief (ECF No. 3). On September 11, 2014, Defendant filed an Amended Counterclaim for Declaratory Relief (ECF No. 6). To this date, Plaintiff has not filed a response to Defendant's Amended Counterclaim for Declaratory Relief or otherwise appeared in this matter in this court.

On December 1, 2014, Defendant filed a Motion for Entry of Default and Default Judgment or, In the Alternative, Motion for Summary Judgment on Its Counterclaim for Declaratory Judgment (ECF No. 8). Defendant asserted that Plaintiff has not answered the Amended Counterclaim and pursuant to Rule 55 of the Federal Rules of Civil Procedure, as

---

[1] Plaintiff is *pro se* and the Complaint is in letter form.

Plaintiff has failed to plead or otherwise defend against the Amended Counterclaim, the Defendant is entitled to a default. Defendant further asserted that its claim against Plaintiff is "sum certain" and therefore, a default judgment is appropriate. In the alternative, Defendant moved the court for summary judgment declaring there is no coverage for Plaintiff's claims under the insurance policy issued by Defendant.

## APPLICABLE LAW

Federal Rule of Civil Procedure 55 provides for entering a default and entering a default judgment. Rule 55(a) states that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Rule 55(b)(1) provides for entering a default judgment by the Clerk and Rule 55(b)(2) provides for entering a default judgment by the Court.

Although the Federal Rules of Civil Procedure and the Fourth Circuit Court of Appeals encourage dispositions of claims on their merits, trial judges have discretion to enter default judgments. *Broadcast Music, Inc. v. CTR Hotel Partners, LLC*, 2013 WL 2444553 (N. D. W. Va.), *see also Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974). Federal Rule of Civil Procedure 55 authorizes the entry of a default judgment "when a defendant fails to plead or otherwise defend in accordance with the Rules" *Broadcast*, citing *United States v. Moradi*, 673 F. 2d 725 (4th Cir. 1982). After entry of default, the non-defaulting party may move the court for default judgment under Federal Rule of Civil Procedure 55(b).

## ANALYSIS

The Court must analyze three issues in this matter. First, whether the counterclaimant is entitled to a default. Second, whether the Court should enter a default judgment. Finally, should the Court, in the alternative, grant Defendant's Motion for Summary Judgment and enter an

3

order declaring there is no coverage for Plaintiff's claims under the insurance policy issued by Defendant.

First, the Plaintiff did not answer the Defendant's counterclaim for declaratory relief filed on August 19, 2014, or the amended counterclaim for declaratory relief filed on September 11, 2014, within the time prescribed for doing so.  Moreover, Plaintiff has failed to appear in this matter after it was removed from the Circuit Court of Logan County to this Court.  It is appropriate to enter default pursuant to Federal Rule of Civil Procedure 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). *See American National Property and Casualty Company v. Moore*, 2014 WL 2155078 (S.D. W. Va.).  Accordingly, the undersigned **PROPOSES** that the presiding District Judge **ENTERS DEFAULT** against David Timothy Crum d/b/a National Mine Supply.

Second, after the entry of default, the non-defaulting party may move the court for default judgment under Federal Rule of Civil Procedure 55(b).  The United States Court of Appeals for the Fourth Circuit favors resolution of disputes on their merits.  *American Select Insurance Company v. Taylor*, 445 F. Supp.2d 681, citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) ("strong policy that cases be decided on the merit.")  Nonetheless, the Court may properly grant default judgment if the "adversary process has been halted because of an essentially unresponsive party." *American Select Company*, citing SEC. *Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).  The Defendant's Memorandum of Law in support of its Motion for Entry of Default and Default Judgment asserts that this Court may enter a default judgment against Plaintiff as Defendant's counterclaim sets forth a "sum certain" claim.

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides:

> The party must apply to the court for a default judgment… The court may conduct hearings or make referrals----preserving any federal statutory right to a jury trial-----when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

Here, the counterclaim is not for a sum certain[2] and there is no claim for monetary damages, but rather a request for a declaratory judgment from the Court regarding insurance coverage. Defendant filed a declaratory judgment action pursuant to 28 U.S.C. Sec. 2201, asking the Court to declare what legal obligations, if any, they have to Plaintiff under the subject policy (ECF No. 9 at 9). The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief. *Scottsdale Ins. Co. v. Bounds*, 2012 WL 1576105 (D. Md.). *See Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641, 645-46 (D.Md.2009) (awarding default judgment in declaratory judgment action); *Am. Select Ins. Co. v. Taylor*, 445 F. Supp.2d 681, 684 (N.D.W.Va. 2006) (same). The Court must now determine, upon consideration of the facts in this case, if a default judgment would be proper. See Fed. R. Civ. P. 55(b) (2).

In determining whether to award a default judgment, the court must, therefore, determine whether the well-pleaded allegations in Appellants' complaint support the relief sought in this

---

[2] 46 Am. Jur. 2d Judgments § 270 (2015) states the term "sum certain" is not met where the claim is for unliquidated damages or where the amount of the sum sought is largely a matter of opinion on which qualified persons might fairly and honestly differ.

action. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001), citing *Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C.1986), aff'd 822 F.2d 56 (table), 1987 WL 36124 (4th Cir. 1987). There must be a sufficient basis in the pleadings for the judgment entered. *DIRECTV, Inc. v. Pernites*, 200 Fed. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu*, 515 F.2d at 1206.) As noted, Defendant's counterclaim requested declaratory judgment pursuant to 28 U.S.C. Sec. 2201, asking the Court to declare what obligations, if any, they have to Plaintiff under the subject policy. Defendant's counterclaim listed as exhibits portions of the Plaintiff's EUO as Exhibit A, the Commercial Lines Insurance Policy as Exhibit B, correspondence from Defendant's counsel requesting additional documentation concerning his claim as Exhibit C, and correspondence from Defendant's counsel requesting additional documentation a second time and advising Plaintiff of his duties under the policy as Exhibit D. Plaintiff did not respond and has not made any attempts to pursue his claim or defend the counterclaim.

It is within the Court's discretion to grant default judgment when a defendant is unresponsive. *Scottsdale Insurance Co.* citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Federal Rule of Civil Procedure 8(b) states the following:

>  (1) **In General.** In responding to a pleading, a party must:
>     A. State in short and plain terms its defenses to each claim asserted against it; and
>     B. Admit or deny the allegations asserted against it by an opposing party.
>  …
>
>  (6) **Effect of Failing to Deny.** An allegation – other than one relating to the amount of damages- is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Looking at Federal Rule of Civil Procedure 12(a)(1)(B), "A party must serve an answer to a counterclaim or cross claim within 21 days after being served with the pleading that states the counterclaim or cross claim." In the present matter, Plaintiff has yet to date to file an answer to Defendant's counterclaim filed August 19, 2014 (ECF No. 3).

The Court has examined the factual allegations in the Defendant's counterclaim and supporting exhibits and they are deemed admitted with regard to Defendant's Motion for Entry of Default and Default Judgment because Plaintiff did not file an answer or otherwise assert a defense. Fed. R. Civ. P. 8(b)(6). Defendant is entitled to a declaratory judgment and the Court, in its discretion, may grant Defendant's Motion for Default and Default Judgment. Accordingly, the undersigned **PROPOSES** that the presiding District Judge **GRANT** the Defendant's Motion for Entry of Default and Default Judgment and **FIND** the Defendant is entitled to the declaratory judgment relief requested in its counterclaim. It is further **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Defendant's alternative Motion for Summary Judgment.

The parties are notified that this Proposed Findings and Recommendation is filed, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the Presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

Enter: July 2, 2015

_____
Dwane L. Tinsley
United States Magistrate Judge