IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**DAVID TIMOTHY CRUM d/b/a**
**NATIONAL MINE SUPPLY,**

 **Plaintiff,**

v.               **CIVIL ACTION NO.:  2:14-cv-24861**

**CANOPIUS US INSURANCE INC.**
**f/k/a OMEGA US INSURANCE INC.,**

 **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and referred to the undersigned for submission of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. Sec. 636(b)(1)(b).  Pending before the court is Defendant Canopius U.S. Insurance Inc.'s (hereinafter "Defendant") Motion to Dismiss (ECF No. 15).  For the reasons stated herein, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 15) be **GRANTED** and this civil action be **DISMISSED** with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 19, 2014, the plaintiff filed a Complaint in the Circuit Court of Logan County seeking compensation for the loss of personal property arising from a breaking and entering and theft at 100 Peach Creek Rd in Logan, West Virginia, 25601, on June 25, 2012.  Plaintiff asserts that he had a commercial property insurance policy with Defendant in effect for the period of April 6, 2012, through April 6, 2013, that covered this loss.  As addressed in detail in the undersigned's prior Proposed Findings and Recommendation, Plaintiff failed to respond to Defendant's requests

for information during its investigation of Plaintiff's claim and, ultimately, Plaintiff failed to respond to the Defendant's counterclaim filed in this civil action, which sought a declaratory judgment denying insurance coverage under the defendant's policy for the plaintiff's alleged loss. Thus, on August 12, 2015, the presiding District Judge entered a Memorandum Opinion and Order granting Defendant's Motion for Default Judgment on the counterclaim, and made a specific finding that Defendant has no obligation to provide coverage under the applicable insurance policy. (ECF No. 14 at 2). The Memorandum Opinion and Order referred anew this matter to the undersigned for additional proceedings.

On November 9, 2015, Defendant filed a Motion to Dismiss (ECF No. 15) and a Memorandum of Law in support thereof (ECF No. 16), asserting that, in light of the default judgment granted to Defendant on its counterclaim, and this District Court's declaration that Defendant has no obligation to provide insurance coverage on Plaintiff's claims, Plaintiff's Complaint is rendered moot and, therefore, this civil action should be dismissed. Plaintiff has not responded to Defendant's Motion to Dismiss, or in any way participated in this litigation since its removal to this court.

## **STANDARD OF REVIEW**

Defendant's Motion to Dismiss and Memorandum of Law cite to Rule 12(c) of the Federal Rules of Civil Procedure, which governs motions for judgment on the pleadings and provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Defendant also cites case law indicating that a motion under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Burbach Broad Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002); *see also W. Va. Auto & Truck*

*Dealers Ass;n v. Ford Motor Co.*, 2014 WL 2440406, at *3 (N.D. W. Va. May 30, 2014) (Keeley, J.) ("The only difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is timing.")

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Defendant further emphasizes that the court need not "'accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences' or 'allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Demetry v. Lasko Prods., Inc.*, 284 F. App'x 14, 15 (4th Cir. 2008) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Relying upon the presiding District Judge's prior Memorandum Opinion and Order granting Defendant's counterclaim and declaring that there is no insurance coverage for Plaintiff's alleged loss, Defendant asserts that Plaintiff's claim has been rendered moot or, alternatively, has been resolved in Defendant's favor. Accordingly, Plaintiff, indeed, may no longer be able to state a plausible claim for relief.

However, because Defendant's argument for dismissal of the Complaint is grounded in the alleged mootness of Plaintiff's claim, the undersigned believes that the proper standard of review herein is whether this court now lacks subject matter jurisdiction, a matter which may be taken up by the court at any time, as addressed in Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 12(h)(3). The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court

from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Thus, if Plaintiff's claim for relief is now moot, this court lacks jurisdiction under Article III to grant any further relief.

## ANALYSIS

In light of the District Court's prior finding that Defendant has no obligation to provide insurance coverage on Plaintiff's claims, it appears that there is no remaining justiciable case or controversy between Plaintiff and Defendant. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claim for recovery of the value of his personal property, insofar as such recovery is sought through insurance proceeds from Canopius U.S. Insurance, Inc., is rendered moot and this federal court lacks jurisdiction to grant any further relief. For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Dismiss (ECF No. 15) and **DISMISS** this civil action with prejudice.

The parties are notified that this Proposed Findings and Recommendation is filed, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the Presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 20, 2016

Dwane L. Tinsley
United States Magistrate Judge